◼    CAMEO EAST CORPORATION, Appellant, v NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered on December 23, 1975, granting defendant National Fire Insurance Company's motion to dismiss the complaint and denying plaintiff's cross motion to dismiss the affirmative defenses and to serve an amended complaint, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Plaintiff seeks recovery upon a builder's risk completed value fire insurance policy which provided coverage on plaintiff's buildings "while in the course of construction". As stated by Special Term, it is clear that the construction work on plaintiff's buildings had not commenced at the time of the fire and therefore the policy was not in effect. Summary judgment dismissing the complaint was properly granted. (See *Newman v National Fire Ins. Co.,* 118 So 295; *Metzger v Aetna Ins. Co.,* 227 NY 411; and 29 NY Jur, Insurance, § 634.) Special Term properly denied plaintiff's belated cross motion for leave to serve an amended complaint seeking reformation. "In order that a reformation may be adjudged, there must be mutual mistake or inadvertence or the excusable mistake of one party and fraud of the other." *(Metzger v Aetna Ins. Co.,* 227 NY 411, 417.) The affidavit by Mr. Eugene Brown, president of Cameo East Corporation, in support of the cross motion did not show the requisite mutual mistake or fraud by the insurer. Concur—Murphy, J. P., Birns, Silverman, Nunez and Yesawich, JJ.